UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No.  8:05-cr-293-T-23TGW
                                                          8:07-cv-1630-T-23TGW
DONYELLE CHILDS
_____/

## O R D E R

Childs's conviction is pursuant to a guilty plea to one count of possession with the intent to distribute fifty grams or more of cocaine and one count of being a felon in possession of a firearm, for which offenses he was sentenced to 262 months. Childs unsuccessfully challenged his sentence on direct appeal (Doc. 42).  Childs timely challenges both his conviction and his sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), in which he claims the denial of the effective assistance of counsel.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district

_____

[1]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  Childs's claims are without merit.

## FACTS

The following summary of the facts is copied from the decision on appeal (Doc. 42):

Based on intelligence regarding an ongoing narcotics distribution investigation, the Sheriff's Office of Pinellas County, Florida, executed a search warrant at Childs's apartment on 22 June 2005.  The officers seized 122 grams of crack cocaine and three grams of cocaine powder as well as two firearms, all of which Childs admitted were his.[1]  Childs pleaded guilty.

> [1] On a table next to Childs, officers found 32 grams of crack cocaine cut into small block pieces, half of a crack cocaine "cookie" weighing 36 grams, razor blades, $1000 in cash, and a box containing an additional "cookie" weighing 54 grams.  In the kitchen, the officers found a drug scale, marijuana, a sauce pot with cocaine residue, plastic bags, a .32 caliber handgun, four rounds of ammunition, and an additional three grams of cocaine powder.  In Childs's bedroom, the officers found a Ruger .223 rifle loaded with a full ammunition magazine holding 30 rounds of .223 ammunition.

The above facts are based on the "Notice of Essential Elements, Penalty, and Factual Basis" (Doc. 20), with which Childs agreed.  Transcript of Change of Plea at 13 (Doc. 39).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Childs asserts seven grounds of ineffective assistance of trial counsel.  Claims of ineffective assistance of counsel are difficult to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc)

(quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  Strickland v. Washington,

466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and
> well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
> 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for
> analyzing ineffective assistance of counsel claims.  According to Strickland,
> first, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the defendant

makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When

applying Strickland, we are free to dispose of ineffectiveness claims on either of its two

grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and

made all significant decisions in the exercise of reasonable professional judgment."

Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness

claim must judge the reasonableness of counsel's challenged conduct on the facts of the

particular case, viewed as of the time of counsel's conduct."  Strickland v. Washington,

466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified

acts or omissions were outside the wide range of professionally competent assistance."

Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment," Childs must demonstrate that error by counsel prejudiced the defense.

Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Childs must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient

to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law

and facts relevant to plausible options are virtually unchallengeable; and strategic choices

made after less than complete investigation are reasonable precisely to the extent that

reasonable professional judgments support the limitations on investigation."  Strickland v.

Washington, 466 U.S. at 690-91.  Childs cannot meet his burden merely by showing that

the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done.  Nor
> is the test even what most good lawyers would have done.  We ask only
> whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not interested
> in grading lawyers' performances; we are interested in whether the
> adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United

States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in

every case, could have done something more or something different.  So, omissions are

inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but

only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S.

776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

Although the Strickland standard controls a claim that counsel was ineffective for recommending that a client plead guilty, Hill v. Lockhart, 474 U.S. 52 (1985), Agan v. Singletary, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different.  "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial."  Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984).  And to prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. at 59.

### PRE–PLEA CLAIMS

Tollett v. Henderson, 411 U.S. 258, 267 (1973), teaches that a guilty plea waives all non-jurisdictional defects:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction.  "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be

sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).  This waiver includes claims of ineffective assistance of counsel based on pre-plea issues.  "A voluntary guilty plea waives . . . claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.2d 386, 392 (5th Cir.) (citation omitted), cert. denied, 531 U.S. 919 (2000). Consequently, the entry of a guilty plea waives all claims (other than jurisdictional challenges), including both substantive claims and purported failings of counsel, that rely on pre-plea events.

> Childs understood that by pleading guilty he was waiving possible defenses.
>
> The Court:  Well, do you understand that by pleading guilty, if you have any defense to these charges, any defenses that you'd have is lost by that plea of guilty?  Do you understand that?
>
> The Defendant:  Yes, sir, your Honor.

Transcript of Guilty Plea at 9 (Doc. 39).  Childs also expressed complete satisfaction with appointed counsel's representation.

> The Court:  Are you satisfied with the way [defense counsel] has represented you in your case?
>
> The Defendant:  Yes, I'm truly blessed, greatly satisfied with him.
>
> The Court:  Is there anything you think he should have done that he did not do in this case?
>
> The Defendant:  No, sir, your Honor.

Transcript of Guilty Plea at 9-10 (Doc. 39).

Childs's guilty plea waived the claims of ineffective assistance of counsel asserted in grounds two,[2] three,[3] and part of five[4].  Even if not waived, the grounds are meritless.

## SENTENCING CLAIMS

In ground one Childs alleges that trial counsel was ineffective for not challenging Childs's classification as a career offender because one of the qualifying felony convictions—the 1998 state conviction for the sale of counterfeit crack cocaine—was possibly a misdemeanor.  Childs recognizes that state law designates the sale of a counterfeit drug listed in Schedules I - IV as a felony.  But because the sale of a Schedule V drug is designated a misdemeanor, Childs contends that his conviction for the sale of a counterfeit drug might not qualify as a felony.  Childs's argument is baseless because § 893.03(2)(a)(4), Florida Statutes, designates cocaine as a Schedule II drug.

---

[2] Childs alleges that trial counsel was ineffective for not suppressing the cocaine and firearms seized during the search because the search warrant authorized searching for only marijuana.  Police may seize contraband that is in plain view while executing a search warrant.  See, e.g., Coolidge v. New Hampshire, 403 U.S. 443 (1971), and United States v. Jenkins, 901 F.2d 1075 (11th Cir.), cert. denied, 498 U.S. 901 (1990).

[3] Childs alleges that trial counsel was ineffective for not challenging the constitutionality of the search warrant, claiming that the warrant lacked probable cause.  Childs instructed counsel to not challenge the validity of the warrant.  Transcript of Sentencing at 14 (Doc. 33).

[4] Childs alleges that trial counsel failed to properly investigate and prepare.  Childs cites examples for both pre-plea events and sentencing.  Because a challenge to counsel's preparation for sentencing is not waived by a guilty plea, that aspect of ground five is addressed later.  To support his pre-plea claim of ineffective assistance of counsel, Childs quotes from the sentencing transcript as evidence of counsel's failure to prepare: "I [defense counsel] didn't do that extensive of a research."  Childs quotes only part of counsel's statement, which Childs takes out of context.  In proper context, the record shows that (1) counsel informed the court of Childs's desire to take responsibility for his actions, (2) Childs instructed counsel not to seek pretrial release so that Childs could start earning credit toward his sentence, and (3) Childs instructed counsel to forego attempting to suppress the search warrant.  Counsel's complete statement, Transcript of Sentencing at 14 (Doc. 33), is as follows:

> I even inquired into whether or not the search warrant was valid.  I could see there was some basis for maybe a motion to suppress there.  I know I did my research.  He did his own limited research.  But, Judge, his specific instruction was, "I need to take responsibility for what I did."  The strength of the motion to suppress we're not quite sure.  I didn't do that extensive of a research based on his instruction.

Childs argues that the prior conviction was a misdemeanor because his actual sentence was less than one year.  Whether a prior conviction is a qualifying felony depends not upon the sentence imposed, but the sentence possible.  "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG §4B1.2, comment. (n.1 ¶9).  Consequently, counsel was not ineffective for not raising a frivolous claim.  Jones v. Barnes, 463 U.S. at 751.

In ground four Childs alleges that trial counsel was ineffective for failing to fulfill an adversarial role as required by United States v. Cronic, 466 U.S. 648 (1984).  Each of Childs's four arguments is meritless: (1) his classification as a career offender was improper, (2) his classification as a Category VI offender was improper, (3) his sentence was calculated improperly, and (4) use of his prior convictions was improper. Consequently, counsel was not ineffective for not raising a frivolous claim.  Jones v. Barnes, 463 U.S. at 751.

In ground five Childs alleges that trial counsel was ineffective for failing to properly investigate and prepare for sentencing.  Childs complains that trial counsel relied upon the probation officer for proof of Childs's prior convictions and again argues that one of the prior convictions is a misdemeanor.  Childs's argument was rejected in ground one.

In ground six Childs alleges that counsel was ineffective for not challenging the disparity in sentencing between powder cocaine and crack cocaine.  Counsel was not ineffective for failing to object because the disparity issue is meritless.

> Congress's decision to punish crack cocaine offenders more severely than powder cocaine offenders is plainly a policy decision.  It reflects Congress's judgment that crack cocaine poses a greater harm to society than powder cocaine.  We have repeatedly held Congress's disparate treatment of crack cocaine offenders is supported by a rational basis.  The 100-to-1 drug quantity ratio not only reflects Congress's policy decision that crack offenders should be punished more severely, but also reflects its choice as to how much more severe the punishment should be.  Federal courts are not at liberty to supplant this policy decision.  Although the two drugs may be chemically similar, their effect on society is not the same, and it is not for the courts to say just how much worse crack cocaine is than powder cocaine.  This is simply an impermissible sentencing consideration.

United States v. Williams, 456 F.3d 1353, 1367 (11th Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 3040 (2007).

In ground seven Childs alleges that cumulatively the errors identified in grounds one through six amount to the ineffective assistance of counsel.  Ground seven is meritless because Childs has not shown that error was committed in the preceding grounds.

Accordingly, Childs's motion to vacate sentence (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Childs and close this action.

ORDERED in Tampa, Florida, on November 20, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE